**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM MICHAEL DEWITT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00560-O-BP** |
| | § | |
| **TRINITY LOGISTICS, INC.,** *et. al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Voluntary Dismissal Without Prejudice that *pro se* Plaintiff William DeWitt filed on March 2, 2026 (ECF No. 42) and the response that Defendants Trinity Logistics, Inc. ("Trinity"), Burris Logistics, Ins. ("Burris"), and Jennifer Braun (collectively, "Defendants") filed on March 10, 2026 (ECF No. 44). Also before the Court are the responses to the Court's order to show cause that Defendants filed (ECF No. 47) and DeWitt filed (ECF No. 48) on April 17, 2026. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** DeWitt's case without prejudice.

This is a case stemming from DeWitt's fraught employment experience at Trinity Logistics. The Court has discussed the details of this case at great length before, and the parties are well aware of them. On January 5, 2026, the undersigned recommended that Chief Judge O'Connor dismiss all of DeWitt's claims but recommended that he dismiss with leave to amend DeWitt's Title VII retaliation and Sarbanes-Oxley retaliation claims against Trinity and Burris, his Title VII hostile workplace harassment claim against Trinity, and his defamation claim against all

defendants except Trinity and Braun. ECF No. 35. On January 28, 2026, Chief Judge O'Connor accepted those recommendations. ECF No. 37. The Court has not yet issued a final judgment.

On February 9, 2026, DeWitt filed his Second Amended Complaint, which eliminated all defendants from this case except for Trinity, Burris, Jennifer Braun, and Megan Morgan. ECF No. 38. On February 23, 2026, these remaining defendants moved to dismiss for failure to state a claim. ECF No. 40. A week later, on March 2, 2026, DeWitt moved to dismiss his own case without prejudice. ECF No. 42.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Fed. R. Civ. P. 41(a). In his Motion, DeWitt "moves the Court for entry of an order dismissing this action without prejudice" and cited Federal Rule of Civil Procedure 41(a)(2). ECF No. 42. That rule provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(1), by contrast, provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a)(1) voluntary dismissals are without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

On March 2, 2026, when DeWitt moved for voluntary dismissal under Rule 41(a)(2), Defendants had neither answered in this case nor filed a motion for summary judgment. Accordingly, the Court could not then "discern why Rule 41(a)(1) [was] not applicable instead of Rule 41(a)(2)." ECF No. 45. And on April 3, 2026, the Court ordered the parties to show cause why this case should not be dismissed without prejudice pursuant to Rule 41(a)(1), noting that *pro se* pleadings like DeWitt's are entitled to a liberal construction. *Id.* (citing *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam)). On April 17, 2026, Defendants filed an answer to DeWitt's Second Amended Complaint and a response to the Court's show cause order. ECF Nos. 46-47. DeWitt also filed a response to the show cause order that same day. ECF No. 48.

In their response, Defendants acknowledge that at the time DeWitt filed his motion for voluntary dismissal, Defendants had neither answered nor filed a motion for summary judgment. *See* ECF No. 47 at 2. They argue instead that the Court would serve justice by construing DeWitt's motion for voluntary dismissal as seeking a Rule 41(a)(2) dismissal, which is the rule DeWitt himself cited. *Id.* Specifically, Defendants note that the Court already has dismissed the bulk of DeWitt's claims in this case, including some against other defendants, and they reiterate their prior arguments that statutes of limitations and failure to exhaust administrative remedies bar many of DeWitt's claims. *Id.* at 2-3. They insist that the "interests of justice are best served by finality" and urge the Court both to analyze DeWitt's motion under Rule 41(a)(2) and exercise the Court's discretion to dismiss DeWitt's claims with prejudice. *Id.* at 3.

The Court is not unsympathetic to Defendants' arguments, but the Federal Rules of Civil Procedure are clear. Federal Rule of Civil Procedure 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). And that is what DeWitt did. Due to DeWitt's status as a *pro se* litigant, the Court finds it unjust to construe his motion under the auspices of Rule 41(a)(2) when the procedural circumstances at the time he moved for voluntary dismissal clearly gave him a right to seek dismissal without prejudice.

Defendants raise persuasive concerns, but the Fifth Circuit has "consistently held that Rule 41(a)(1) means what it says . . . [and] [d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step

of filing an answer." *Harvey v. Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005) (alterations in original). To be sure, Defendants eventually took that step, but they took it after DeWitt already sought dismissal. ECF No. 46.

As a result, DeWitt's motion is not, strictly speaking, a motion. Instead, operating under Rule 41(a)(1), his more appropriately described notice of voluntary dismissal "is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). "The effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (cleaned up). Therefore, dismissal without prejudice is not only appropriate; it is required. Fed. R. Civ. P. 41(a)(1)(B).

For these reasons, the Court views DeWitt's notice of voluntary dismissal under Rule 41(a)(1) and **RECOMMENDS** that Chief Judge O'Connor **DISMISS** DeWitt's case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on April 27, 2026.

                    _____

                    Hal R. Ray, Jr.
                    UNITED STATES MAGISTRATE JUDGE

5